(35 South. 819.)

No. 14,874.

WARTELLE v. BRADFORD et al.

(Jan. 18, 1904.)

COMMUTATIVE CONTRACT—ACTION TO AVOID.

1. Where, in a suit to avoid a commutative contract, it appears from the allegations of the petition that the defendant has in the past done all that the contract required of him, and it is not alleged that he is unable or unwilling to do all that may be required in the future, an exception of no cause of action is properly sustained.

(Syllabus by the Court.)

Appeal from Sixteenth Judicial District Court, Parish of St. Landry; Edward Taylor Lewis, Judge.

Action by F. M. Wartelle against Welman Bradford and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Edward Benjamin Du Buisson, for appellant. Story & Pugh, R. Lee Garland, and Kenneth Baillio, for appellees.

Statement of the Case.

MONROE, J. The plaintiff alleges, in substance, that upon April 1, 1899, he granted to "Welman Bradford, his associates and assigns," a right of way through his plantation "for the purpose of the construction, maintenance, and operation of a canal for irrigation purposes, * * * for and in consideration of the benefits to be derived therefrom, * * * and for the additional consideration of $1,200, to be paid in cash before ground should be broken; that in March or April, 1901, he granted an extension of two years for the construction of said canal"; that in September, 1902, he granted to said parties a right of way for a branch to the main canal, contemplated in the first grant; that during the latter part of 1902 said Bradford began work on said branch canal, and paid petitioner the sum of $1,200, as agreed on; and that he has, since then, "in his own name, and on his own responsibility and initiative," and, "in a haphazard sort of way," been going on with said work.

He further alleges that the said Bradford has erected on petitioner's plantation, on the right of way of the main canal, an excavating machine, which has lately been put in operation, and is digging a trench on one side of the right of way, and throwing up a levee of equal dimensions with the trench, and that similar action is contemplated on the other side; that, if said main canal were constructed, petitioner could irrigate a large portion of his plantation, and would thereby be benefited, but that the branch canal would enable him to irrigate but a small portion of his plantation, and that he granted the right of way therefor only in aid of the building of the main canal; and that if either the main or the branch canal, or both, are partly constructed, and not completed and operated, he will be irreparably injured. He further alleges that he is informed and believes that it would require several millions of dollars to build, equip, and operate said canals, or either of them, and that said Bradford is financially irresponsible, and has made no transfer of his rights under said grant from petitioner, and that by reason of the facts stated, and of the further fact that all the work accomplished and now in progress has been and is being done by said Bradford, individually, and of his admission to petitioner, when he obtained the extension heretofore mentioned, that he had only the necessary capital "to promote and further said enterprise in view," petitioner upon March 17, 1903, called on said Bradford, and requested that, before doing any further digging upon petitioner's plantation, he should give some evidence of his good faith and of his ability to carry out his undertaking, but that he refused to inform petitioner of the amount of money at his command, of the names or financial ability of his backers, or of the responsibilities assumed by them, and that petitioner thereupon made a legal tender to said Bradford of the $1,200 which he had received from him, informed him that the grants of rights of way heretofore mentioned were revoked, and ordered him to cease operating upon petitioner's plantation, all without avail. He further alleges that he cannot imagine why Bradford should have undertaken an enterprise involving millions of dol-

lars, in his own name and on his own responsibility, unless he has associated himself with adventurers who are keeping in the background and furnishing money merely to make a showing and unload their scheme "on some innocent lambs with more money than business acumen"; that the said Bradford resides at Crowley, in the parish of Acadia, but, petitioner is informed, has left the state; and that the machine heretofore mentioned is being operated by Capt. David May. He tenders and deposits in court $1,200, and prays for a writ of injunction restraining said Bradford and his associates and said May from operating said machine or otherwise excavating on his plantation, for citation, and for judgment perpetuating said writ and annulling the grants of rights of way mentioned.

There are annexed to this petition, "for fuller explanation and greater certainty," the written instruments granting the rights of way referred to. They read, in part, as follows, to wit:

That of April 1, 1899: "Whereas Welman Bradford and his associates contemplate the construction, maintenance and operation of a canal for irrigation purposes, * * * now, therefore, in consideration of the construction, maintenance and operation of the said canal by the said Welman Bradford and his associates, and the benefit to be derived therefrom, and the enhanced value thereby to my land, I do hereby grant to said Welman Bradford, his associates and assigns, a right of way, * * * the further consideration, to be the sum of $1,200, cash, to be paid before ground is broken, and in order to more fully bind this contract and agreement, said Welman Bradford has this day paid on account the sum of $1.00, the receipt whereof is hereby acknowledged. * * * This grant is further made and accepted upon the condition that if the said canal shall not be constructed over said land within two years from the date hereof, the said right of way shall be forfeited, and the same revert to me. In testimony whereof, I have hereunto subscribed my name, this the 1st day of April, 1899. [Signed] F. M. Wartelle. I accept the said grant subject to the conditions therein this, the 1st day of April, 1899. [Signed] Welman Bradford."

Upon April 20, 1901, an instrument was executed by the plaintiff and others, reciting the grants previously made by them, and the advantages which the grantees were expected to derive from the canal, and proceeding as follows:

"Whereas the said Welman Bradford and his associates, have surveyed, mapped and made profiles and estimates of costs of construction of said canal, and now has the requisite capital in view to promote and further the said enterprise: Now we, and each of us * * * extend to the said Welman Bradford and his associates an extension of time for the commencement of work on said canal from this date. * * * It being the intent and purpose hereof to grant and extend further time to the said Welman Bradford and his associates to commence said work within the next two years, otherwise the contract heretofore executed by us, and each of us, as to the right of way therein conveyed, to remain in full force and effect, as if herein incorporated."

Upon September 20, 1902, by another and separate act, the plaintiff granted to Welman Bradford, his associates and assigns, the right of way for what is called the "Branch Canal," subject to the condition that the same should be forfeited if the canal be not begun within two years from the date thereof, and the grant was accepted by Bradford.

A preliminary injunction having issued in accordance with the prayer of the petition, and citations having been served, the defendants excepted, and moved to dissolve, on the ground that the petition discloses no cause of action and, the judge a quo sustaining that view, the injunction was dissolved and the suit dismissed. The plaintiff has appealed.

### Opinion.

The time for beginning work on the main canal was extended for two years from April 20, 1901, and, according to the allegations of the petition, which was filed March 19, 1903, the work was begun within that time. The time for beginning the work on the branch canal does not expire until September 20, 1904. The complaint is that the work was begun and is being carried on in a haphazard way by Bradford individually, that he has not the capital to carry it through,

and that the plaintiff cannot imagine why he undertook it, "unless he has associated himself with certain schemers, promoters, and adventurers, who are keeping in the background," etc.

It will be observed that in the notarial act of April 20, 1901, one of the reasons assigned for the granting of time is that "Welman Bradford and his associates now have the requisite capital in view to promote and further the said enterprise"; and it is alleged in the petition that "said Bradford, when he obtained the extension of time aforesaid, admitted to petitioner that he only had the necessary capital, to promote and further said enterprise, in view." Inasmuch, therefore, as the plaintiff knew when the extension was granted that Bradford individually was without the capital necessary for the enterprise that he was undertaking, that circumstance affords no just cause of complaint at this time. Nor does the fact that the plaintiff is now unable to imagine why Bradford should have undertaken such an enterprise, "unless," etc., affect the question, since there may have been other and better reasons for his doing so than those which the plaintiff suggests.

Upon the face of the petition, Bradford and his associates, if he has found any up to the present time, have done all that they have been, so far, required to do, and, for aught that is alleged, are in a way to do all that their contract requires of them in the future. The exception of no cause of action was therefore properly sustained, and the judgment appealed from is accordingly affirmed.